THOMAS F. WEST *vs.* MUNICIPAL COURT OF PROVIDENCE.

PROVIDENCE—APRIL 3, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Probate    Law    and    Practice.    Appeal.    Account    of    Administrator.*
*Failure to File Account.*

The claim for compensation of an administrator who fails to file his account for more than thirty days after being cited so to do, without rendering to the Probate Court a satisfactory reason for his delay, is properly rejected under the provisions of Gen. Laws cap. 219, § 3.

PROBATE APPEAL from order of Probate Court disallowing certain items in the account of an administrator. Heard, after jury trial, on petition of appellant for new trial, and petition denied.

DOUGLAS, J. This cause involves the consideration of the account of Thomas F. West, administrator of the estate of George J. West, which was rendered to the Municipal Court of the city of Providence, and there partially allowed. From the disallowance of certain charges made by the administrator against the estate he appealed and claimed a jury trial. Upon trial of the case in the Common Pleas Division the jury found that the decision of the Municipal Court was correct and the petitioner now asks us to set aside this verdict, as being against the law and the evidence with respect to those items.

These are: First, a claim for compensation, for his services as administrator, of $2,500.

Secondly, a claim of $108.00 for rent of office.

Thirdly, a claim for money paid a clerk for alleged services to the estate.

(1)   The claim for compensation was rejected by the Probate Court, because the appellant had neglected to file his account for ninety-three days after being cited to do so.   Section 3 of chapter 219 of the General Laws provides:   "If any executor or administrator after being cited as aforesaid, shall neglect or refuse to render an account pursuant thereto for the space of thirty days, without assigning to said court satisfactory reason therefor, such executor or administrator shall be held accountable for the full value of the personal property of the deceased, with interest, and shall be entitled to no compensation for his services."   At the trial of the appeal in the Common Pleas Division, the presiding justice instructed the jury to disallow this claim.

The ruling of the Probate Court and of the Common Pleas Division was correct, unless the appellant rendered to the Probate Court a satisfactory reason for his delay.

It is rather uncertain upon the evidence whether the appellant rendered to the Probate Court any reason for his delay. He says now that his excuse was an injunction which forbade him to interfere with certain partnership property.   He testifies, p. 122:   "Q. 239.   You were ordered to file your account in the Probate Court?   A.   Yes sir.   Q. 240.   Did you file it within the time that you were ordered?   A.   No sir.   I was instructed by my attorney that we were under a restraining order from the Supreme Court, and not to file it.   Q. 244.   In what case was that order made?   A.   I think that was in the Ellen West case.   Q. 245.   That there was an injunction restraining you from filing your account?   A.   I didn't know that it was in that particular order; I could not give it *verbatim* now.   Q. 246.   That was the reason, you say, was it, why you did not render your account?   Was that the reason you gave in the Probate Court?   A.   No sir."

The case referred to was bill in Equity No. 4,500, *Ellen West, admx.,* v. *Thomas F. West et al., admrs.,* brought to establish a partnership between George J. West and his deceased brother Ambrose E. West, and to recover an alleged balance due the estate of Ambrose.   This bill was filed June 9, 1897, and states on belief that there are accounts owing and unpaid

to the partnership; that the office library and furniture were bought with partnership money, and that $10,000 of partnership money were invested in mortgages on real estate in the name of George.

The decree for a preliminary injunction entered July 8, 1897, enjoined the administrators of George's estate "from alienating, transferring, or in any way encumbering the partnership assets and effects described in complainant's bill until further order, provided that this injunction shall not be construed to apply to the money of the estate of George J. West now on deposit on call in the Rhode Island Hospital Trust Company of Providence."

We are unable to see how this order could interfere with the rendering of the account required by the Probate Court. The appellant had long before returned an inventory of the estate, and all the items charged to himself in the account which he did afterwards return are either items of the inventory or of proceeds of those items. The account is simply a statement of these items, and of subsequent collections and payments, and charge for services. The injunction was still in force when the account now under consideration was filed, and offered no obstacle to it then. If the claims in the bill threatened the title to any of the property with which the appellant was already charged, he could have appended to the account a statement that such claims were made, and so have fully protected himself. The excuse has no merit, and the statute was properly applied to this case.

The second item which was disallowed by the Probate Court and by the jury, is numbered 22 in the original account. November 7, 1896, rent of offices, $54.16. In his reasons of appeal he states it as $108. The appellant originally claimed to be re-imbursed for office rent for the months of June, July, August, September, and October. He withdrew the item covering June and July, and the court disallowed the item covering the month of October.

The appellant's claim was that the retention of his brother's offices until November 1st was necessary for the work of settling the estate. The evidence on this point was conflicting,

and we cannot say that the conclusion of the court and of the jury was erroneous.

The same view must be taken of the third item. The charge is for salary of a clerk employed in the office after the death of George J. West. The appellant claimed that he should be allowed $98.00 on this account, being $7.00 per week for fourteen weeks, or from George's death until November 1st. The court allowed him $42.00, and disallowed the balance, $56.00. The evidence does not convince us that the services of the clerk to the estate were worth more than the court and the jury allowed.

The petition for a new trial is denied, and the case will be remanded to the Common Pleas Division for entry of decree.

*Andrew B. Patton and Augustus S. Miller*, for appellant.

*Charles A. Wilson and John Doran*, for appellee.